UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                     :
WILLIAM H. DORISS,                   :
                                     :
      Plaintiff,                     :
                                     :
V.                                   :   CASE NO. 3:05-CV-668 (RNC)
                                     :
                                     :
CITY OF NEW HAVEN, ET AL.,           :
                                     :
      Defendants.                    :
```

<u>RULING AND ORDER</u>

Plaintiff, proceeding pro se and in forma pauperis, brings this action against the State of Connecticut, the City of New Haven, and various state and local officials and private citizens.  His claims stem primarily from his arrest, prosecution, and conviction for failing to restrain his dog from injuring other dogs.  <u>See</u> Conn. Gen. Stat. § 53-247(a).  The state and local officials have moved to dismiss the case against them on various grounds.  For reasons that follow, the motions to dismiss are granted.  The private citizen defendants have not responded to the complaint.  However, the claims against them have been reviewed in accordance with the screening process mandated by the in forma pauperis statute, 28 U.S.C. § 1915, and found to be legally insufficient.  Thus, those claims are dismissed as well.

I.   <u>Facts</u>

Plaintiff was a resident of Daggett Street in New Haven,

1

Connecticut.  (See Am. Compl. 4.)  A dog owner, he often
complained to the New Haven police about other dogs wandering the
streets unleashed.  (Am. Compl. 2.)

On November 13, 2000, Officer Diaz arrested plaintiff on a
charge relating to a fight between his dog and a neighbor's dog.
(Am. Compl. 13-14.)  On July 25, 2001, plaintiff's dog attacked
and apparently killed a neighbor's chihuahua.  (Am. Compl. 8,
11.)  Following the incident, Officer Naccarato arrested
plaintiff, took him into custody, and seized his dog.  (Am.
Compl. 7-8.)[1]  Plaintiff was charged in one case with criminal
trespass, see Conn. Gen. Stat. § 53a-109, neglecting to restrain
an animal from injuring another animal, see § 53-247(a), and
malicious and intentional maiming, torturing, or wounding of an
animal, see § 53-247(b).  In the other case, he was charged with
risking injury to a child, see § 53-21(a), neglecting to restrain
an animal from injuring another animal, see § 53-247(a), and
malicious and intentional maiming, torturing, or wounding of an
animal, see § 53-247(b).  The informations were consolidated for
trial.  A jury convicted plaintiff of both counts of neglecting
to restrain an animal from injuring another animal and acquitted
him on the other counts.  He was ordered to pay restitution.

---

[1]  Apparently unrelatedly, on July 18, 2001, plaintiff was
arrested at gunpoint by Lieutenant Smith for illegal dumping.
(Am. Compl. 17-18.)  The dumping charge was later nolled.  (Am.
Compl. 18.)

(Am. Compl. 36.)  Plaintiff's dog was executed the day after plaintiff was sentenced.  (Am. Compl. 25.)  The Connecticut Appellate Court affirmed the conviction and sentence.  State v. Doriss, 84 Conn. App. 542 (2004), appeal denied, 271 Conn. 922 (2004).  Other relevant facts will be discussed below.

II.  Discussion

On a motion to dismiss for failure to state a claim, the court must "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." York v. Ass'n of the Bar, 286 F.3d 122, 125 (2d Cir. 2002).  A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The pleadings of a pro se plaintiff should be read liberally "to raise the strongest arguments that they suggest."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  "This is especially true when dealing with pro se complaints alleging civil rights violations."  Weixel v. Bd. of Educ., 287 F.3d 138, 146 (2d Cir. 2002).

A.  State Officials

Plaintiff has sued the State of Connecticut and thirteen individual state defendants.  The state defendants include five judges, four prosecutors, a public defender, a probation officer,

3

former Governor Rowland and Governor Rell.  Plaintiff has failed
to state a cause of action against any of these defendants.

An action for monetary damages against a state official in
his official capacity is deemed to be an action against the state
itself.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).
Because the state has not waived its sovereign immunity,
plaintiff's claims against the State of Connecticut and the state
officials in their official capacity are barred by the state's
sovereign immunity.  See id. at 169 ("[The sovereign immunity]
bar remains in effect when state officials are sued for damages
in their official capacity.").

Plaintiff has sued Judges Alexander, Iannotti, and Conway,
of the Connecticut Superior Court, and Judges Flynn and Dranginis
of the Connecticut Appellate Court.  He accuses Judge Iannotti of
setting excessive bail and authorizing false arrest (Am. Compl.
29), Judge Alexander of denying him a speedy trial and his right
to confront his accusers (Am. Compl. 28), and Judge Conway of,
among other things, operating "a kangaroo court" and favoring the
prosecution (Am. Compl. 29-40).  He also alleges that Judge
Dranginis made inappropriate remarks during oral argument (Am.
Compl. 43-44) and that Judge Flynn issued an illogical ruling
(Am. Compl. 44-45).  Judges are immune from liability under
§ 1983 for their "judicial acts" unless they act in the "clear
absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349,

4

356-57 (1978) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1872)).  All of plaintiff's allegations concern acts taken in these defendants' capacities as judges and within their jurisdiction.  Accordingly, these defendants are immune from liability.

Plaintiff has also sued Assistant State's Attorneys Coyne, Bodine, Dauster, and Dearington, alleging that (1) Coyne made false statements at trial, withheld exculpatory evidence, threatened witnesses, and spoke "in tongues" (Am. Compl. 27-28); (2) Bodine made false statements and presented a false witness in pretrial proceedings (Am. Compl. 26); (3) Dauster engaged in "legalistic gerrymandering and case-history overkill" in an appellate brief (Am. Compl. 41); and (4) Dearington failed to supervise other assistant state's attorneys (Am. Compl. 45).

Prosecutors enjoy absolute immunity from liability "when they function as advocates for the state in circumstances 'intimately associated with the judicial phase of the criminal process.'"  <u>Bernard v. County of Suffolk</u>, 356 F.3d 495, 502 (2d Cir. 2004) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976)).[2]  It is well-established that the initiation of a prosecution and the presentation of evidence "lie at the very

---

[2]  <u>See also</u> <u>DeLaurentis v. City of New Haven</u>, 220 Conn. 225, 241-42 (1991) (recognizing the existence of absolute prosecutorial immunity to state law malicious prosecution claims).

core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process." Id. at 503.  A prosecutor is stripped of immunity only when he initiates prosecution "without any colorable claim of authority" or "has intertwined his exercise of authorized prosecutorial discretion with other, unauthorized conduct," such as demanding bribes or sexual favors.  Id. at 504 (quotation omitted).  In initiating and conducting this prosecution, defendants were unquestionably acting under colorable claim of authority, and plaintiff does not allege any other unauthorized conduct that would strip defendants of their immunity.  Because plaintiff's allegations concern defendants' decision to initiate prosecution and their presentation of evidence and conduct during trial or on appeal, defendants are protected by absolute immunity.[3]

Plaintiff contends that Public Defender Flynn made false promises regarding plaintiff's application for a writ of habeas corpus.  (Am. Compl. 45-46.)  The court can discern no cause of action from plaintiff's allegations.  Moreover, it appears from these vague allegations that plaintiff is suing Flynn in her capacity as a public defender.  To plead a legally sufficient claim for relief under § 1983, a plaintiff must allege that the

---

[3]   The allegations against Dearington also fail because supervising prosecutors are immune from liability for prosecution-related decisions of subordinates.  See Bodie v. Morgenthau, 342 F. Supp. 2d 193, 205 (S.D.N.Y. 2004).

defendant violated the plaintiff's federal rights while acting under color of state law.  A public defender, although paid by the state, does not act under color of state law when acting in the traditional role of defense counsel.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Accordingly, § 1983 does not provide a cause of action against Flynn in her role as defense counsel (or counsel on a habeas petition).[4]  <u>See</u> <u>id.</u>; <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997).

The complaint accuses Probation Officer Perez of "making false accusations" and being "incompetent."  (Am. Compl. 46.) Insofar as plaintiff makes no factual allegations pertaining to Perez, the case against her fails.  Even had plaintiff made specific allegations, Perez would likely be entitled to absolute quasi-judicial immunity for acts taken in her role as probation officer.  <u>See</u> <u>Dorman v. Higgins</u>, 821 F.2d 133, 137-38 (1987) (holding federal probation officer entitled to absolute quasi-judicial immunity when acting "as an arm of the court"); <u>Poe v. Massey</u>, 3 F. Supp. 2d 176, 177 (D. Conn. 1998) (extending <u>Dorman</u> to state probation officers).

---

[4]     A public defender who conspires with state officials to violate her client's federal rights may be liable under § 1983 on the ground that she abandoned her adversarial role and acted under color of state law.  <u>Tower v. Glover</u>, 467 U.S. 914, 920-23 (1984).  To adequately allege such a claim, a complaint must contain more than vague or conclusory allegations of a conspiracy.  <u>See</u> <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir. 2002).  The amended complaint does not allege a conspiracy between Flynn and state officials.

Plaintiff accuses Governor Rell and former Governor Rowland of generally failing to intervene in his case and, more specifically, failing to respond or inappropriately responding to his letters.  A supervisory official is not automatically liable for constitutional violations committed by subordinates solely by virtue of his or her position atop the state hierarchy.  See Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).  To hold a supervisory official liable, the plaintiff must allege the official's personal involvement.  Id. at 873.  Personal involvement may constitute (1) direct participation, (2) failure to remedy a wrong after being informed of the wrong through a report or appeal, (3) the creation of a policy or custom under which unconstitutional practices occurred, (4) gross negligence in supervising subordinates, or (5) deliberate indifference to citizens' rights by failing to act on information that unconstitutional acts were occurring.  Id.  Under this standard, plaintiff has failed to allege the personal involvement of Governor Rell or former Governor Rowland.  Rowland's failure to respond to plaintiff's letter and Rell's allegedly inappropriate response to his letter are insufficient to give rise to liability under § 1983.  Accordingly, plaintiff has failed to state a cause of action against these defendants.

B. Local Officials

Plaintiff has also sued the City of New Haven, eight city

police officers, the Chairman of the city's Civilian Complaint Review Board, and the city mayor. I dismiss the claims against these defendants for the following reasons.

Officer Crisco is alleged to have failed to respond to plaintiff's complaint that a pit bull was wandering the streets unleashed in 2000. (Am. Compl. 1-2.) Even if plaintiff has stated a claim against Crisco, which is doubtful, the claim is barred by the three-year statute of limitations applicable to § 1983 actions in Connecticut. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (citing Conn. Gen. Stat. § 52-577). This suit was commenced on April 26, 2005, more than three years after this incident.

Officer Naccarato allegedly filed a false report concerning plaintiff in 1998 and failed to file a report after plaintiff was assaulted by a neighbor in 2000. (Am. Compl. 3-6.) Any claims arising from these incidents are barred by the three-year statute of limitations. Furthermore, plaintiff cannot recover for any alleged due process violation caused by the introduction of the false report at his sentencing without alleging that his sentence has been reversed or set aside. See Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 165 (D. Conn. 2005) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Reading the complaint liberally, plaintiff also contends that Naccarato falsely arrested him and denied him equal

protection when he arrested plaintiff in July 2001 after having
ignored plaintiff's complaints about other loose dogs.  (Am.
Compl. 7-9.)  I find that plaintiff has failed to plead an
adequate claim of false arrest.[5]  Under Connecticut law, absence
of probable cause is an essential element of a false arrest
claim.  See Davis v. Rodriquez, 364 F.3d 424, 433 (2d Cir. 2004).
Plaintiff has alleged no facts to support an inference of an
absence of probable cause.  Read as a whole, the complaint more
logically alleges that he was targeted for arrest in violation of
the Equal Protection Clause, not that he was arrested without
probable cause.  Moreover, he concedes in the complaint that the
arrest resulted from his dog's attack on a neighbor's dog.  In
light of this concession, the amended complaint's allegations are
too broad and conclusory to support an inference that probable
cause was lacking.[6]  I note, moreover, that this claim may well
be time-barred in any event by the three-year statute of

--------

[5]  Although defendant did not address the substance of
plaintiff's false arrest claim, I am obliged to consider its
viability because the complaint was filed in forma pauperis.  See
28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[6] The only allegation arguably pertaining to probable cause
for the arrest and subsequent prosecution is that "Naccarato
'targeted' Doriss for unknown reasons when his (Doriss') actions
were entirely legal, lawful, and well-meaning in the public
domain."  (Am. Compl. 9.)  This vague allegation is facially
contradicted by plaintiff's admission in the complaint that the
arrest resulted from his dog's attack on a neighbor's dog.

limitations applicable to § 1983 actions in Connecticut.[7]

The allegations that the arrest or prosecution violated the Equal Protection Clause also fail.  Regardless of whether the equal protection claim is viewed as a "selective enforcement" or a "class of one" claim,[8] the plaintiff must allege that he has been treated differently from others similarly situated.  Cobb v. Pozzi, 363 F.3d 89, 109-10 (2d Cir. 2003).  It cannot be inferred from the amended complaint that plaintiff was treated differently from others similarly situated; although other dogs may have been wandering the neighborhood unleashed, there is no allegation that other dogs maimed or killed animals and that their owners were not arrested or prosecuted.

Finally, plaintiff contends that Naccarato conspired with other officers to deprive plaintiff of his rights and property. (Am. Compl. 9-10.)  Such vague and conclusory allegations of conspiracy cannot withstand a motion to dismiss.  See Ciambriello

---

[7]    False arrest claims usually accrue at the moment of detention, in this case, July 2001.  However, when a judgment for a plaintiff on a false arrest claim would imply the invalidity of any state court conviction – such as when, for example, the evidence supporting the conviction was obtained as a result of the false arrest – the false arrest claim accrues only upon favorable termination of the prosecution.  Covington v. City of N.Y., 171 F.3d 117, 121-24 (2d Cir. 1999).  At this stage in the litigation, I cannot determine whether a finding of false arrest would imply the invalidity of any possible conviction (although it seems unlikely), and it is therefore unclear whether the false arrest claim is time-barred.

[8]    See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Pinaud v.
County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995).

Officer Diaz allegedly filed two false police reports in
November 2000 and July 2001 and testified falsely against
plaintiff at trial.  (Am. Compl. 10-15.)  Construing the amended
complaint liberally, I interpret the allegations of false police
reports as forming the basis for plaintiff's malicious
prosecution claim.[9]  This claim fails as a matter of law.  To
prove malicious prosecution under both § 1983 and state law,
plaintiff would have to show that (1) Diaz initiated or procured
the initiation of criminal proceedings against plaintiff, (2) the
proceedings were terminated in favor of plaintiff, (3) Diaz acted
without probable cause, and (4) Diaz acted with malice.[10]  McHale
v. W.B.S. Corp., 187 Conn. 444, 447 (1982); see also Fulton v.
Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (federal courts apply
state law to § 1983 malicious prosecution claims).  Because
plaintiff was convicted for neglecting to restrain his dog from
injuring other dogs, his malicious prosecution claim must rest on

---

[9]  The amended complaint does not contend that Diaz's
November 2000 arrest of plaintiff was false in any way.

[10]  A § 1983 malicious prosecution claim also requires a
showing of "some deprivation of liberty consistent with the
concept of 'seizure'" under the Fourth Amendment.  Washington v.
County of Rockland, 373 F.3d 310, 316 (2d Cir. 2004) (quoting
Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir.
1995)).

the charges for which he was acquitted.[11]

The malicious prosecution claim against Diaz (or against any other defendant, for that matter) fails on two prongs.  First, plaintiff would have to prove that Diaz "induced the action of a prosecutor who would not have pressed charges otherwise."[12] Hartman v. Moore, 126 S. Ct. 1695, 1704-05 (2006).  The amended complaint contains no allegations that Diaz induced a prosecutor to prosecute plaintiff on the charges for which he was acquitted; the mere allegation that Diaz filed false police reports is insufficient to support such an inference.

Second, for the reasons discussed above with respect to Officer Naccarato, plaintiff has not alleged any facts that could give rise to an inference of lack of probable cause for the prosecution.  He does not allege that he was prosecuted without probable cause and the complaint's allegations are too broad and conclusory to support an inference that probable cause was lacking.  For these reasons, the malicious prosecution claim

---

[11]  I need not decide whether plaintiff's acquittal on some charges means that the proceedings terminated in his favor despite his conviction on other charges.  Compare DiBlasio v. City of N.Y., 102 F.3d 654, 658-59 (2d Cir. 1996) (proceeding did not terminate in plaintiff's favor when he was convicted of unlawful possession but acquitted of sale) with Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989) (proceeding terminated in plaintiff's favor because of acquittal on resisting arrest charge despite conviction on disorderly conduct charge).

[12]  As discussed above, prosecutors are immune from malicious prosecution claims.

fails as a matter of law.

As for Diaz's allegedly false testimony, official witnesses are entitled to absolute immunity from § 1983 liability for false testimony.  See Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983).[13] However, witnesses "are not immune for extra-judicial actions such as an alleged conspiracy to present false testimony." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).  To the extent plaintiff's general allegations of a conspiracy among New Haven police officers encompass Diaz, these allegations are too vague and conclusory to support a conspiracy claim.  See Ciambriello, 292 F.3d at 324; Pinaud, 52 F.3d at 1156.

Officer Martinez is alleged to have given plaintiff a parking ticket in September 2001.  (Am. Compl. 16-17.)  Because this occurred more than three years before this suit was filed, the claim against Martinez is barred by the statute of limitations.

Lieutenant Smith allegedly arrested plaintiff at gunpoint in July 2001 for illegal dumping.  (Am. Compl. 17-18.)  Any claim of excessive force is barred by the three-year statute of limitations.  The complaint appears to allege that the arrest violated plaintiff's equal protection rights because,

---

[13]  Witnesses in judicial and quasi-judicial proceedings also enjoy common law immunity from state law defamation claims. See Chadha v. Charlotte Hungerford Hosp., 272 Conn. 776, 786-87 (2005).

14

"[n]ormally, people in the neighborhood were not arrested for this technical, but minor offense."  (Am. Compl. 18.)  Even if this claim is timely, which is unclear from the amended complaint,[14] plaintiff has failed to allege a proper "selective enforcement" or "class of one" claim because he has alleged no facts to support an inference that Smith singled him out for an impermissible reason, such as race or exercise of constitutional rights, or that there was no rational basis for the difference in treatment.  See Cobb, 363 F.3d at 110.  Without any allegations to support such inferences, this claim cannot withstand a motion to dismiss.

According to the amended complaint, Smith also did not respond to plaintiff's complaints of loose dogs or implement "community policing" in the neighborhood.  (Am. Compl. 18.)  The court cannot discern any cause of action arising from these allegations.  Finally, plaintiff's vague accusations that Smith was engaged in a conspiracy are insufficient to support a conspiracy claim under § 1983.  See Ciambriello, 292 F.3d at 324; Pinaud, 52 F.3d at 1156.

---

[14]   According to the amended complaint, the dumping charge was later nolled.  Assuming that the equal protection claim accrued when the charge was nolled, see Gibson v. Superintendant of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 440-41 (3d Cir. 2005) (equal protection claim does not accrue until favorable termination because a successful selective enforcement claim would necessarily invalidate a conviction), cert. denied, 126 S. Ct. 1571 (2006), the claim may or may not be time-barred, depending on when the nolle occurred.

Officer Alston allegedly filed a false police report dated September 1999 concerning an assault on plaintiff even though Alston did not respond to the scene of the incident.  (Am. Compl. 21-22.)  The report was introduced by the prosecution during plaintiff's state court sentencing.  This claim fails for the reasons explained above with respect to Officer Diaz.

Officer Miller, an animal control officer, is alleged to have falsely testified at plaintiff's sentencing.  (Am. Compl. 24.)  As noted above, trial witnesses cannot be held liable under § 1983 for their trial testimony.  See Briscoe, 460 U.S. at 345-46.  Accordingly, plaintiff cannot hold Miller liable for allegedly lying at the sentencing.

Chief Wearing allegedly failed to control "rogue" police officers, implement "community policing," or administer proper civilian review complaint procedures.  (Am. Compl. 25-26.)  As explained above, a defendant cannot be held liable under § 1983 without a showing of personal involvement.  Under the standard outlined in Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995), discussed supra, plaintiff has failed to allege Wearing's personal involvement in any deprivation of his rights.

Reginald Thomas, the Chairman of the Civilian Complaint Review Board, allegedly failed to act upon two complaints, several phone calls, and personal visits.  (Am. Compl. 26.)  Even accepting these allegations as true, the court cannot discern any

16

violation of plaintiff's rights giving rise to a cause of action.

Mayor DeStefano is accused of failing to respond to a complaint made in 2001 and of generally failing to supervise the police department.  (Am. Compl. 10.)  Any claim arising from the complaint is time-barred.  The allegations of failure to supervise also fail, for the reasons explained above with respect to Chief Wearing.

Because plaintiff has alleged no facts to sustain a cause of action against an individual defendant, there is no basis for holding the City liable on a theory of municipal liability, see Dodd v. Norwich, 827 F.2d 1, 8 (2d Cir. 1987), nor is there any allegation of a municipal policy or custom, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Accordingly, the claims against the City must be dismissed as well.

C. Private Citizens

Having dismissed the claims against the official state and city defendants, it remains to be determined whether plaintiff has stated a viable cause of action against the private citizen defendants.  Several of these defendants were not served with process, and those that were have failed to appear or answer the complaint.[15]  Nonetheless, because plaintiff has filed this action in forma pauperis, the court must dismiss the case sua

---

[15]  It appears that defendants Robinson, Bryant, Danny Valentin, Daphne Valentin, and Fain have not been served with process.

sponte if plaintiff's claims are "frivolous" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A claim is deemed frivolous if it "is 'based on an indisputably meritless legal theory'" – that is, if it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)) (citation omitted).

Mae Robinson and Danny Valentin allegedly failed to restrain their dogs.  (Am. Compl. 47, 49.)  Absent any allegation of harm to the plaintiff, plaintiff has failed to state a cause of action against these individuals.

Denise Bryant, George Nieves, Bethzaida Nieves, and Daphne Valentin allegedly lied under oath.  (Am. Compl. 48-49.)  A testifying witness enjoys absolute immunity for any defamatory statements made during a judicial or quasi-judicial proceeding. See Chadha v. Charlotte Hungerford Hosp., 272 Conn. 776, 786-87 (2005).  Accordingly, plaintiff has no state law cause of action against these defendants.

In addition, George and Bethzaida Nieves purportedly conspired with the police to deprive plaintiff of his constitutional rights.  (Am. Compl. 48.)  Ordinarily, private citizens cannot be held liable under § 1983 because private

citizens do not take actions under color of state law.  See Ciambriello, 292 F.3d at 323-24.  However, private citizens may be held liable for acting in concert with state officials to deprive a plaintiff of his constitutional rights.  See id. at 324.  To withstand a motion to dismiss, accusations of conspiracy must be more than vague or conclusory.  See id.; Pinaud, 52 F.3d at 1156.  Plaintiff's allegations of conspiracy are much too vague to support an inference of conspiracy.  To the extent plaintiff is asserting a state law malicious prosecution claim against the Nieveses, this claim fails for the reasons set forth above with respect to Officer Diaz.

Plaintiff contends that Terrence Fain assaulted plaintiff in 1999.  (Am. Compl. 49.)  This claim is barred by the three-year statute of limitations applicable to intentional torts.  See Conn. Gen. Stat. § 52-577.

Plaintiff alleges that James Kinsey made false accusations to the police in 2000 and failed to appear in court in 2002. (Am. Compl. 49-50.)  Reading the amended complaint to assert a claim of defamation, the claim is barred by the two-year statute of limitations applicable to defamation claims.  See Conn. Gen. Stat. § 52-597.  To the extent plaintiff asserts a state law malicious prosecution claim against Kinsey, this claim fails for the reasons set forth above with respect to Officer Diaz.

Finally, plaintiff sues his former landlords, Vincent

19

Porpora and Angel Battista, for operating a multi-unit commercial building as a residence without a certificate of occupancy.  (Am. Compl. 50.)  This allegation does not give rise to a private cause of action.  Plaintiff also accuses Porpora of failing to warn him of Fain's arrival in the building and not telling Fain of plaintiff's right to enter a driveway.  (Am. Compl. 50.)  The court is aware of no legal authority imposing a duty on Porpora to do such things.

For all these reasons, plaintiff has failed to state a cause of action against these defendants or the defendants have a defense that is apparent on the face of the amended complaint. Accordingly, the claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

III. <u>Conclusion</u>

For the foregoing reasons:

1.  The motions to dismiss [Docs. #29, 34] are hereby granted.

2.  The claims against the state defendants are dismissed with prejudice because no amendment could cure the amended complaint's deficiencies as they pertain to these defendants.

3.  The claims against defendants Crisco, Martinez, Alston, Miller, Wearing, Thomas, DeStefano, and the City of New Haven are also dismissed with prejudice.

4.  It is not clear beyond all possible doubt that the

20

plaintiff cannot allege valid claims against defendants Naccarato, Diaz, Smith, George Nieves, Bethzaida Nieves, Kinsey, and the private citizen defendants.  Given this uncertainty and plaintiff's pro se status, the dismissal of the claims against these defendants is without prejudice.  If after reviewing this ruling the plaintiff believes that he has a good faith basis in fact and law for proceeding against one or more of these defendants, he may file and serve a second amended complaint alleging such claims on or before September 22, 2006.  The court will review the second amended complaint in light of this ruling to determine whether it states a valid cause of action.  If plaintiff does not file a second amended complaint in accordance with this order, the dismissal of the claims against these defendants will be with prejudice.

So ordered.

Dated at Hartford, Connecticut this 24th day of August 2006.


                                        /s/
                                      Robert N. Chatigny
                                   United States District Judge